Do we award less for mental anguish for what is done to the quick than for what is done to the dead? I think not, but when I review the cases in which this Court has ordered a substantial reduction of the damages awarded for mental anguish (see KmartCorp. v. Kyles, 723 So.2d 572 (Ala. 1998); Foster v. LifeInsurance Co. of Georgia, 656 So.2d 333 (Ala. 1994); Sears,Roebuck Co. v. Harris, 630 So.2d 1018 (Ala. 1993)), I must weigh the facts of those cases against the facts in this case, which a jury reviewed and weighed and could have determined amounted to outrageous conduct on the part of Gray Brown-Service Mortuary, Inc. A finding of the tort of outrage requires a determination that the defendant caused "severe emotional distress to another." American Road Service Co. v. Immon,394 So.2d 361, 365 (Ala. 1980). Gray Brown-Service does not argue on this appeal that the evidence would not support such a finding.
I voted to affirm a $500,000 compensatory award, most of which was for mental anguish, in First Commercial Bank v. Spivey,694 So.2d 1316 (Ala. 1997). In my opinion, a $500,000 award for "severe emotional distress" is not excessive. Likewise, a punitive damages award of three times the amount of compensatory damages awarded is not excessive. BMW of North America, Inc. v.Gore, 701 So.2d 507, 516-23 (Ala. 1997) (Houston, J., concurring in the result). In this case would affirm a compensatory award of $500,000 and I would not order a remittitur of a punitive-damages award of $1.5 million. Therefore, I concur.